# ORIGINAL

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

R WAYNE JOHNSON,                          )
                                          )
    Plaintiff,                        )
                                          )
    v.                                )    No. 14-294C
                                          )    Judge Firestone
THE UNITED STATES,                        )
                                          )
    Defendant.                        )

**FILED**

**JUN 1 3 2014**

U.S. COURT OF
FEDERAL CLAIMS

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States (Government), respectfully requests this Court to dismiss Mr. Johnson's complaint for lack of jurisdiction and, or the alternative, failure to state a claim upon which relief may be granted. Mr. Johnson seems to complain that (1) representatives of the Department of Veterans Affairs (DVA) are engaging in the unauthorized practice of law related to his claim for veterans disability benefits, and (2) officials at the prison where he is incarcerated are opening his mail allegedly in violation of the law. Mr. Johnson moves this Court to appoint counsel to represent him in this matter. Because Mr. Johnson fails to identify any basis for the Court to entertain such complaints and, even if it had such authority, Mr. Johnson fails to plead specific facts meriting the relief he seeks, the Court should dismiss his complaint.

### FACTUAL BACKGROUND

Mr. Johnson is currently incarcerated in Texas, where he is serving a 99 year sentence for aggravated rape. *Johnson v. Harrison*, 399 S.W.3d 348, 349 (Tex. App. 2013). His propensity for civil litigation has caused him to be labeled a "vexatious litigant" by the state of Texas, with

one court observing: "All his litigation has achieved is the harassment of those he sues and the court employees and judges who must deal with him. His methods do nothing but consume judicial resources and the resources of Johnson's target litigant *du jure.*" *Id.* Here, taking a similar approach, Mr. Johnson attempts to invoke this Court's jurisdiction in a situation where it is completely lacking.

## ARGUMENT

### I. Standard of Review Pursuant To RCFC 12(b)(1) and 12(b)(6)

In order to establish subject matter jurisdiction in this Court, plaintiffs must demonstrate that the Government has consented to suit and that there is a substantive legal basis for their claims. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle it to a remedy. *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003). While complaints drafted by pro se litigants are held to "less strict standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "plaintiff's pro se status does not relieve him of his duty to establish jurisdiction over his claim." *Mora v. United States*, 59 Fed. Cl. 234, 235 (2003).

### II. Complaints Regarding Mr. Johnson's Mail

Mr. Johnson complains that officials at the prison where he is incarcerated are opening and examining his mail, allegedly in violation of Federal law. This Court has no jurisdiction to hear such a complaint. This Court's jurisdiction is based on the Tucker Act, which allows it to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

2

sounding in tort." 28 U.S.C. § 1491(a). This statute does not create any substantive right of recovery against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 398 (1976). Instead, a plaintiff must plead the existence of a money-mandating statute. *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005). Here, Mr. Johnson alleges that the Government mishandled postal material, but he cites no statute mandating the payment of money. *Terry v. United States*, 99 Fed.Cl. 384, 393 (2011) (United States has not waived sovereign immunity regarding damages for mishandling of postal material). Moreover, he cannot assert that he has any contract concerning the delivery of his mail. Indeed, Postal mail services are governed by statutory and regulatory authority, not principles of contract law. *Rogers v. United States Postal Service*, 2005 WL 3369982 (W.D.Va., 2005) (citing *Maryland Casualty Co. v. United States*, 251 U.S. 342, 349 (1920)) (Not reported).

Moreover, even if the Court possessed jurisdiction to interfere in matters of prison administration, Mr. Johnson fails to specify a ground for its doing so here, because contrary to Mr. Johnson's assertions, USPS regulations specifically allow prison officials to open and examine mail addressed to inmates. United States Postal Service Administrative Support Manual (ASM) Section 274.96 ("Authorized personnel of prisons, jails, or other correctional institutions, under rules and regulations promulgated by the institution, may open, examine, and censor mail sent from or addressed to, an inmate of the institution.").[1]

III.    Complaints Regarding Alleged Unauthorized Practice Of Law

Mr. Johnson also complains that individuals who are not attorneys are allowed by DVA to be involved in the preparation of his claim for veterans benefits. Here too, Mr. Johnson has

---

[1] The ASM is a regulation of the USPS. See 39 CFR §211.2(a)(2). The ASM is available at: http://www.nalc.org/depart/cau/pdf/manuals/asm/asmtoc.pdf

3

failed to identify a contract or money-mandating basis that might empower this Court to exercise its jurisdiction over matters concerning the administration of veterans benefits. Indeed, such authority is committed by law to the Board of Veterans Appeals, the Court of Appeals for Veterans Claims and the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 511, 7104, 7252, 7292.

Moreover, even if this Court possessed jurisdiction, which it does not, Mr. Johnson pleads no ground authorizing the relief he seeks. Indeed, there is a long tradition of limited attorney involvement in the initial phases of the DVA claims process, precisely the focus of his complaint. This is part of keeping the process pro-claimant and non-adversarial. *See Walters v. National Association of Radiation Survivors*, 473 U.S. 305 (1985). Since *Walters* was decided, the procedures "are, if anything, even more protective of claimants now than they were at the time of *Walters*." *Gambill v. Shinseki,* 576 F.3d 1307, 1315 (Fed. Cir. 2009) (Bryson, J, concurring). Current law does not permit attorneys to charge a veteran a fee for legal services provided "before the date on which a notice of disagreement is filed with respect to the case." 38 U.S.C. § 5904(c)(1); *see also* 38 U.S.C. § 7105(d)(1) (VA appellate process initiated by filing a notice of disagreement). Accordingly, a number of congressionally-chartered entities work to assist claimants in accordance with Federal law. 38 U.S.C. § 5902. Thus, the activities of non-attorneys at many levels of the DVA claims system are explicitly authorized by Federal law.

IV.     Appointment of Counsel

In light of these alleged violations of law, Mr. Johnson asks that this Court appoint counsel to represent him in his claims. In light of his claims' lack of merit and this Court's clear lack of jurisdiction, this Court should deny his request. And in any event, Mr. Johnson has no right to have counsel appointed to represent him. "[A]s a general matter, the constitutional right

4

to counsel – and thus the constitutional right to effective assistance of counsel -- does not attach in civil cases that do not involve the potential deprivation of a liberty interest." *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012).

## CONCLUSION

For the foregoing reasons we ask the Court to dismiss Mr. Johnson's complaint for lack of subject matter jurisdiction and/or for failure to state a claim.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

STEVEN J. GILLINGHAM
Assistant Director

AUSTIN FULK
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-0546

June /3, 2014                      Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 13th 2014, a copy of the foregoing

"DEFENDANT'S MOTION TO DISMISS" was served via United States mail upon:

R. Wayne Johnson
#282756
9601 Spur-591-Clements Unit
Amarillo, TX 79107-9606