**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**FILED**

**JUL 16 2014**

**U.S. COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| R WAYNE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 14-294C, 14-537C |
| ) | Judge Firestone |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S SECOND COMPLAINT

Pursuant to Rules 12(b)(1), 12(b)(6), and 7.2 of the Rules of the United States Court of Federal Claims, defendant, the United States (Government), hereby files our response to Mr. Johnson's second complaint in this case (Fed. Cl. No. 14-537) and reply in support of our motion to dismiss his first complaint (Fed. Cl. No. 14-294). Because Mr. Johnson fails to properly invoke this Court's jurisdiction, his complaints should be dismissed.

Mr. Johnson notes correctly that the Court's jurisdiction is limited to monetary claims based on a violation of a contract with the Government, or a violation of a statute, regulation, or constitutional provision. Second Complaint, 1-2, Response, 1-3. While Mr. Johnson alleges violations by the Government of myriad statutory and Constitutional provisions throughout both of his complaints and his response, he does not explain how any of these alleged violations entitle him to monetary relief. The only monetary relief that Mr. Johnson specifically alleges is contained in Mr. Johnson's second complaint. He claims that he is entitled to veterans benefits that he alleges are being improperly denied and that he is entitled to $10,000,000.00 for the mishandling of his mail. Second Complaint, 7-8.

As we discussed in our motion to dismiss, this Court has no jurisdiction over allegations for improper denial of veterans benefits. Motion to Dismiss, 3-4. Mr. Johnson has failed to rebut our arguments or otherwise demonstrate why this Court has jurisdiction to grant the relief he seeks.

While Mr. Johnson continues to allege violations of statutes related to the delivery of his mail, he also fails to explain how those alleged violations entitle him to monetary relief. As we discussed in our motion to dismiss, statutes related to delivery of mail do not create a substantive right of monetary recovery by individuals for mishandled mail. Motion to Dismiss, 3. Mr. Johnson does not allege otherwise in his complaints or response, or discuss how these alleged violations entitle him to recover monetarily. Therefore, this Court lacks jurisdiction to award him relief.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

*/s/ Steven J. Gillingham*
STEVEN J. GILLINGHAM
Assistant Director

*/s/ Austin Fulk*
AUSTIN FULK
Trial Attorney
Civil Division
Commercial Litigation Branch
Department of Justice
PO Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-0546

July 16, 2014

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 16, 2014, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S SECOND COMPLAINT" was served via United States mail upon:

R. Wayne Johnson
#282756
9601 Spur-591-Clements Unit
Amarillo, TX 79107-9606

*Dawn A. Pettaway*